**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BASIE & FRITZ,<br><br>                      Plaintiff,<br>     v.<br><br>CLAUDIA L. HOUSTON,<br><br>                      Defendant. | Civil Case No. 06cv1087-WQH (JMA)<br><br>**ORDER DISMISSING CASE** |

HAYES, Judge:

The matter before the Court is the Court's sua sponte examination of its subject-matter jurisdiction over this action which was removed from state court.

**I.    Background**

On November 21, 2002, Plaintiff Basie & Fritz filed a complaint in the Superior Court of California for the County of San Diego, case number GIC 800592, for (1) breach of contract, (2) reasonable value, (3) for money due on open book account, and (4) for account stated. Plaintiff's complaint sought to recover funds Defendant Claudia L. Houston allegedly owed Plaintiff for legal services provided. On December 5, 2003 (three days before trial was scheduled to begin), Defendant removed the case to this Court alleging federal question jurisdiction. On December 22, 2003, the Court, per the Honorable John Houston, issued an order to show cause why the matter should not be dismissed for lack of jurisdiction. (S.D. Cal. Case No. 03cv2436, December 22, 2003

Order.) Although given extensions to do so, Defendant failed to file a timely response to the Court's order to show cause.

On February 17, 2004, the Court issued an order remanding the case to the state court. (S.D. Cal. Case No. 03cv2436, February 17, 2004 Order.) In its decision, the Court found that there was no federal question jurisdiction over the claims contained in Plaintiff's complaint. The Court noted that Defendant was attempting to remove the case on the ground that her defense to Plaintiff's claims involved a federal law. However, with certain exceptions inapplicable to the present case, a federal defense to a claim does not give rise to federal question jurisdiction. *See Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841-42 (1989). In addition, the Court found that Defendant's removal was not timely. (S.D. Cal. Case No. 03cv2436, February 17, 2004 Order at 3.) Thereafter, Defendant appealed to the Ninth Circuit Court of Appeal. On April 28, 2004, the Ninth Circuit issued an order dismissing Defendant's appeal for lack of jurisdiction.

In a separate case filed in this district by Defendant, entitled *Houston et al. v. Governing Board of the Encinitas Union School District, et. al.* (Case Number 04-CV-759), Houston applied for a temporary restraining order ("TRO") against Basie & Fritz to stop the ongoing state court proceedings against her, including state court case number GIC 800592. In his December 14, 2004 Order, the Honorable Barry Ted Moskowitz denied Ms. Houston's request for a TRO and explained that the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971) prevented the federal court from entertaining Houston's claims regarding ongoing state court proceedings. (S.D. Cal. Case No. 04-CV-759, December 14, 2004 Order at 2-3.)

On May 11, 2005, Defendant Houston again filed a notice of removal of state court case number GIC 800592 to this Court. Defendant again asserted federal question jurisdiction. On June 10, 2005, this Court again remanded the case, finding that once again Defendant was improperly attempting to remove a case based on a defense premised on federal law, and further finding that this Court could not entertain Defendant's request to enjoin an ongoing state court action pursuant to the *Younger* abstention doctrine. (S.D. Cal. Case Nos. 05-cv-1062 & 05-cv-1063, June 10, 2005 Order at 3-4.)

On May 17, 2006, Defendant removed state court case number GIC 800592 to this Court for a third time. The docket sheet attached to the May 17, 2006 Notice of Removal indicates that the state court in case number GIC 800592 entered default judgment against Defendant, and Defendant appealed that decision to the California Court of Appeal (case number D046907), which dismissed Defendant's appeal on April 18, 2006, and denied Defendant's subsequent "petition for rehearing" on May 9, 2006 and Defendant's "petition for modification of decision" on May 17, 2006.

## II. Discussion

A "district court ha[s] a duty to establish subject matter jurisdiction over [a] removed action sua sponte, whether the parties raise[] the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (citation omitted). "Because of the 'Congressional purpose to restrict the jurisdiction of the federal courts on removal,' the [removal] statute is strictly construed, and federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Hence, there is a "'strong presumption' against removal jurisdiction," which means that "the defendant always has the burden of establishing that removal is proper." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (quoting *Gaus*, 980 F.2d at 566).

The Court, sua sponte, has examined Defendant's May 17, 2006 Notice of Removal and all attached documents. Defendant's arguments supporting federal question jurisdiction are largely the same as those this Court has twice considered and twice rejected. (*See* S.D. Cal. Case No. 03cv2436, February 17, 2004 Order; S.D. Cal. Case Nos. 05-cv-1062 & 05-cv-1063, June 10, 2005 Order.) Once again, Defendant argues she has a defense premised on federal law which confers federal question jurisdiction. (Notice of Removal at 2-3, 5-6.) For the reasons twice stated in its Orders of Remand, this argument is rejected. (*See* S.D. Cal. Case No. 03cv2436, February 17, 2004 Order; S.D. Cal. Case Nos. 05-cv-1062 & 05-cv-1063, June 10, 2005 Order.)

Defendant also argues that removal jurisdiction exists pursuant to 28 U.S.C. § 1442(a)(1), which provides for removal by an agency "or any officer (or person acting under that officer)" of the United States, and 28 U.S.C. § 1442(a)(2), which provides for removal by "[a] property holder

whose title is derived from any such [federal] officer, where such [state court] action . . . affects the validity of any law of the United States." (Notice of Removal at 5-10.) Defendant concedes that she is not an officer of the United States, and she fails to offer a coherent argument as to how she is a "person acting under" an officer of the United States or a "property holder whose title is derived from any such [federal] officer." Defendant has failed to meet her burden of showing that this Court has jurisdiction pursuant to 28 U.S.C. § 1442(a).

Finally, the California Court of Appeal docket attached to the Notice of Removal shows that the state court case reached final judgment prior to Defendant's filing of her latest Notice of Removal. Therefore, this Court lacks subject-matter jurisdiction by virtue of the "*Rooker-Feldman* doctrine*,*" which "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Simply put, 'the United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.'" *Bianchi*, 334 F.3d at 898 (quoting *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986)).

**III. Conclusion**

For the reasons discussed above, the Court finds that Defendant has failed to satisfy her burden of establishing that this Court has subject-matter jurisdiction over this action. This case is hereby **DISMISSED**.

DATED: May 1, 2007

                             **WILLIAM Q. HAYES**
                             United States District Judge