# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASIE & FRITZ,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>CLAUDIA L. HOUSTON,<br><br>　　　　　Defendant. | Civil Case No. 06cv1087-WQH (JMA)<br><br>**ORDER**<br><br>(Docs. # 20 & 21) |

HAYES, Judge:

　　The matters before the Court are the "Ex Parte Application to Extend Time to Appeal Per FRAP 4(a)(5) Or to Reopen Per FRAP 4(a)(6) Or to Reopen Judgment [FRCP 60(b)]" ("Motion to Extend Time to Appeal") (Doc. # 20), the "Request for Clarification" (Doc. # 21), and the "Request to Stay Enforcement of the Judgment" (Doc. # 21), all filed by Defendant on June 7, 2007.

## BACKGROUND

　　On May 1, 2007, this Court entered an "Order Dismissing Case," finding that Defendant failed to satisfy her burden of establishing that this Court has subject-matter jurisdiction over this action, which was removed from state court. (Doc. # 17.) On May 2, 2007, the Clerk of the Court entered Judgment pursuant to the May 1, 2007 Order of the Court. (Doc. # 18.)

　　On June 7, 2007, Defendant filed a Notice of Appeal (Doc. # 19), the Motion to Extend Time to Appeal (Doc. # 20), the Request for Clarification (Doc. # 21), and the Request to Stay

Enforcement of the Judgment (Doc. # 21). Defendant moves the Court for an order to reopen the time to file an appeal under Federal Rules of Appellate Procedure 4(a)(5) and/or (a)(6), or, alternatively, to reopen judgment pursuant to Federal Rule of Civil Procedure 60(b). Defendant states in her declaration that "I just received notice of entry of judgment in this matter this evening on June 6, 2007. . . . My daughter . . . had some of my mail in her car for weeks and I did not know about it until now. . . . The Judgment was with the mail that she brought home this week." (Claudia Houston Decl. ¶¶ 1, 3.) Defendant also submits a declaration from her daughter confirming the above-quoted statements in Defendant's declaration.

On June 7, 2007, this Court issued an Order setting a briefing schedule on Defendant's Motion to Extend Time to Appeal. (Doc. # 22.)

On June 21, 2007, Plaintiff objected to the evidence attached to the Motion to Extend Time to Appeal, arguing that the declarations "fail[] to comply with the requirements set forth in 28 U.S.C. § 1746." (Doc. # 24.)

On July 2, 2007, Defendant filed a reply, submitting another declaration from Defendant similar in substance to the declarations submitted with the Motion to Extend Time to Appeal. (Doc. # 29.) On July 12, 2007, Defendant filed a document entitled, "Declaration by CalExpress: Proof That Claudia Houston Timely Filed 'Reply' on July 2, 2007." (Doc. # 30.)

## MOTION TO EXTEND TIME TO APPEAL

The Judgment filed on May 2, 2007 was a final judgment. Defendant was required to file a notice of appeal "within thirty days after the judgment . . . is entered." Fed. R. App. P. 4(a)(1)(A). Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d), whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Defendant's Motion to Extend Time to Appeal was filed within seven days after receiving notice of the Judgment and within 180 days of the Judgment. No claim of prejudice

is made. Defendant's specific denial of receipt of the Judgment rebuts any presumption of receipt which arises from proper and timely mailing under the common law mailbox rule. *See Nunley v. City of Los Angeles*, 52 F.3d 792, 797 (9th Cir. 1995). The only evidence in the record supports non-receipt under Rule 4(a)(6)(A).[1] The Court concludes that the three conditions of Rule 4(a)(6) are met.

In *Arai v. American Bryce Ranches, Inc.* 316 F.3d 1066 (9th Cir. 2003), the Court of Appeals held that "the district court has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met." *Id.* at 1069. However, the Court must consider that "Rule 4(a)(6) was adopted to reduce the risk that the right to appeal will be lost through a failure to receive notice." *Nunley*, 52 F.3d at 795. The Court of Appeals has not decided what factors the court ultimately may utilize in denying a Rule 4(a)(6) motion but has determined that "the merits of the potential appeal are not a permissible consideration," *Arai*, 316 F.3d at 1071, and that the "concept of excusable neglect has no place in the application of Rule 4(a)(6)," *Nunley*, 52 F.3d at 798. In the case before the Court, all of the conditions of Rule 4(a)(6) are met, and there are no factors which would support the denial of the motion. Therefore, the Motion to Extend Time to Appeal is **GRANTED** (Doc. # 20) for a period of 14 days after the date this Order is entered. Defendant's alternative requests for relief pursuant to Federal Rule of Appellate Procedure 4(a)(5) and Federal Rule of Civil Procedure 60(b) are denied as moot.

### REQUEST FOR CLARIFICATION

Defendant "request[s] clarification of the court's reference to an order dated December 14, 2004 (Order 2:13-20) in USDC 04-CV-0759 because that decision was not directly related to GIC 800592 [i.e. the case number of the state court case which was removed to initiate this action]. The

---

[1] The language in Defendant's declarations is substantially similar to the language suggested by 28 U.S.C. § 1746. This is all that is required for compliance with § 1746. *See Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999) ("[Section] 1746 requires only that the declaration 'substantially' comply with the statute's suggested language. . . .") (citing *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (verification conformed with statute although language "did not follow § 1746's form with precision"); *Trammell Real Estate Corp. v. Trammell*, 748 F.2d 1516, 1518 (11th Cir. 1984) (declaration language "substantially similar" to language of § 1746 meets statute's requirements)). Therefore, Plaintiff's objections (Doc. # 24) to Defendant's declarations are **OVERRULED**.

December 14, 2004 decision concerned JDA205092 and not GIC 800592." (Request for Clarification, Doc. # 21, at 2-3.)

The Court referenced "a separate case filed in this district by Defendant, entitled *Houston et al. v. Governing Board of the Encinitas Union School District, et. al.* (Case Number 04-CV-759)" in the "Background" section of the May 1, 2007 Order dismissing the case. (Order Dismissing Case, Doc. # 17, at 2.) However, Case Number 04-CV-759 had no bearing on the Court's ruling that Defendant failed to satisfy her burden of establishing that this Court has subject-matter jurisdiction over this removed action. (*See generally* Order Dismissing Case, Doc. # 17, at 3-4.) Therefore, the Request for Clarification (Doc. # 21) is **DENIED**.

## REQUEST TO STAY ENFORCEMENT OF THE JUDGMENT

Defendant's "Request to Stay Enforcement of the Judgment" states, in full: "This Court has authority to stay enforcement of the judgment under Qua[c]kenbush v. Allstate ___ US ___ (1996) because this is a damages action." (Doc. # 21 at 8.) In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Supreme Court held, *inter alia*, that "federal courts may stay actions for damages based on abstention principles. . . ." *Id.* at 721. This Court declines to stay enforcement of either this Court's May 2, 2007 Judgment, or the judgment in the underlying state court case, pursuant to *Quackenbush*. The Request to Stay Enforcement of the Judgment (Doc. # 21) is **DENIED**.

## CONCLUSION

The Motion to Extend Time to Appeal is **GRANTED** (Doc. # 20) for a period of 14 days after the date this Order is entered. Defendant's alternative requests for relief pursuant to Federal Rule of Appellate Procedure 4(a)(5) and Federal Rule of Civil Procedure 60(b) are denied as moot. The Request for Clarification (Doc. # 21) is **DENIED**. The Request to Stay Enforcement of the Judgment (Doc. # 21) is **DENIED**.

DATED: July 31, 2007

**WILLIAM Q. HAYES**
United States District Judge